# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| ANTHONY RAY FISHER, <br> *Plaintiff,* <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br> *Defendant.* | CIVIL ACTION NO. 6:11-CV-00026 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before me on consideration of the following: the parties' cross-motions for summary judgment (docket nos. 18 and 22); the Report and Recommendation ("Report") of United States Magistrate Judge Robert S. Ballou (docket no. 26); Plaintiff's objections (docket no. 27) to the Report; and the response (docket no. 28) to Plaintiff's objections, filed by the Commissioner of Social Security ("Defendant," or the "Commissioner").

In his Report, the magistrate judge recommends that I affirm the Commissioner's final decision denying Plaintiff's claims for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). Plaintiff timely filed objections to the Report, obligating the court to undertake a *de novo* review of those portions of the Report to which proper objections were lodged. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Having conducted such a review, I find that the objections are without merit and that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet his burden of establishing that he was disabled under the Act. Accordingly, for the reasons stated herein, I will overrule Plaintiff's objections and will adopt the magistrate judge's Report *in toto*.

## I.

The Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the administrative law judge, or "ALJ"), not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589. However, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law, and therefore will be considered anew. *Hicks v. Heckler*, 756 F.2d 1022, 1024-25 (4th Cir. 1985) (*abrogated on other grounds by Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Furthermore, "ALJs have a duty to analyze 'all of the

relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'" *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 190 (4th Cir. 2000) (citations omitted).

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling to the district court within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's report and recommendation to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano*, 687 F.2d at 48. General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (2008). Those portions of the magistrate judge's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal.1979)). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

## II.

### A.

The magistrate judge's Report provides the following "Social and Vocational History" for Plaintiff:

> [Plaintiff] Fisher was born on January 17, 1974 (Administrative Record, hereinafter "R." 37), and is considered a younger individual under the Act. 20 C.F.R. §§ 404.1563(c). [Plaintiff]'s date last insured is December 31, 2011, and thus, he must show that his disability began before that date, and existed for twelve continuous months to receive DIB benefits. 42 U.S.C. § 423(a)(1)(A),

(c)(1)(B); 20 C.F.R. §§ 404.101(a), 404.131(a).

[Plaintiff] completed high school. (R. 38.) [Plaintiff] was last employed from August 2005 until May 2007 as a steel-fitter and crane operator for a steel company. (R. 44-46.) He left this position in May 2007, due to a back injury. (R. 42.) [Plaintiff] was previously employed from May 2004 to August 2005 as a ditch digger for a utility company, and from 1993 to 2001 loading trucks and sorting packages for UPS. (R. 44-46.) The vocational expert classified [Plaintiff]'s past work as heavy and unskilled/semi-skilled work. (R. 66.)

[Plaintiff] reported that during the relevant period, he was in constant pain, and had difficulty walking, lifting, squatting, bending, standing, reaching, sitting, kneeling, and climbing stairs. (R. 185-88.) He reported that his daily activities included helping his children get ready for school, performing light cleaning and laundry, caring for his pets, and watching television. (R. 180-84.) [Plaintiff] reported that he is able to prepare his own meals, take care of his personal grooming, grocery shop, pay bills, and ride a lawn mower. (R. 40-41, 180-81.) [Plaintiff] does not drive because his medications make him drowsy. (R. 183.)

Additionally, the magistrate judge's Report includes a "Claim History," which states that

Plaintiff

filed for DIB on November 16, 2007, claiming that his disability began on May 29, 2007, due to back pain, depression, and asthma. (R. 136.) The state agency denied his application at the initial and reconsideration levels of administrative review. (R. 93-100.) On November 25, 2009, ALJ Robert S. Habermann held a hearing to consider [Plaintiff]'s disability claim. (R. 32-34.) [Plaintiff] was represented by counsel at the hearing, which included testimony from vocational expert John Newman. (R. 35-90.)

On December 16, 2009, the ALJ entered his decision denying [Plaintiff]'s claim for DIB. (R. 7-28.) The ALJ found that [Plaintiff] has severe impairments of degenerative disc disease of the lumbar spine with disc bulging and slight scoliosis, obesity, and depression, and non-severe impairments of GERD, asthma, headaches and right-hand pain. (R. 19-20.) Considering these impairments, the ALJ found that [Plaintiff] retained the RFC ["Residual Functional Capacity"] to perform a limited range of sedentary work, with a moderate reduction in his concentration, persistence, and pace, requiring him to think about his problems for ten seconds at a time at a rate of no more than ten times in any given hour, but not abandon his tasks, and that [Plaintiff] can complete a full workday. (R. 22.) The ALJ determined that [Plaintiff] was not capable of performing his past relevant work. (R. 27.) However, given the evidence obtained from the vocational expert at the administrative hearing, the ALJ found that [Plaintiff] can

perform work, such as assembler, cashier and packer, which exists in significant numbers in the national economy. (R. 28.)

After the ALJ's decision, [Plaintiff] submitted to the Appeals Council medical records from his primary care physician, Jay Sailer, M.D., dated October 2008 and March 2009, which the Appeals Council made part of the record. [Plaintiff] later submitted to the Appeals Council records from his pain management specialist, Robert J. Audet, M.D., dated January 25, 2010 through August 16, 2010, which the Appeals Council did not make a part of the record. On June 15, 2011, the Appeals Council denied [Plaintiff]'s request for review. (R. 1-6.) This appeal followed.

*B.*

**1.**

Plaintiff objects that the ALJ failed to properly evaluate his credibility. My review discloses that substantial evidence supports the ALJ's finding that Plaintiff's subjective complaints were not fully credible. The ALJ recognized that Plaintiff had severe impairments that caused pain, but found that, based on the evidence, Plaintiff's complaints of disabling pain were not entirely credible. (R. 22-26). As the magistrate judge explained, the objective evidence does not support Plaintiff's claim of disabling pain. *See* 20 C.F.R. § 404.1529(c)(2) (objective medical evidence is a "useful indicator to assist [the agency] in making reasonable conclusions about the intensity and persistence" of a claimant's symptoms). For example, Plaintiff's clinical examinations generally revealed normal strength in his extremities, no sensory or motor loss, and no muscle wasting. (R. 405, 407, 409, 411, 413, 415, 418, 420). MRI results showed no nerve impingement, spinal stenosis, or herniated discs. (R. 334, 347).

Furthermore, the ALJ's finding is supported by the opinion evidence. The consultative examiner and two state agency physicians agreed that Plaintiff could perform a range of light work. (R. 277-83, 298-304, 427). As the magistrate judge observed, "no treating, examining, or consulting physician found that [Plaintiff's] pain prevented him from performing some level of

substantial gainful activity." Notably, treating physician Dr. Audet suggested, on May 20, 2008, that Plaintiff "go back to school" and change his line of work, because welding was "too physically hard on his low[er] back," which indicates that, although Dr. Audet acknowledged that welding was "too physically hard on his low[er] back," he believed that Plaintiff was nonetheless capable of working in some other capacity. (R. 415).

As the magistrate judge observed, Dr. Audet reported on multiple occasions that Plaintiff's back pain was controlled with medication.* (R. 405, 413, 415). Although Plaintiff points out that he still experienced back pain, the ALJ accounted for that by limiting him to the minimal demands of sedentary work, whereas his past relevant work was at the heavy exertional level. (R. 22, 66). *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (stating that an individual does not need to be pain-free to work); *see also Green v. Astrue*, 2011 WL 5593148, at * 4 (E.D. Va. Oct. 11, 2011), adopted by 2011 WL 5599421 (E.D. Va. Nov. 17, 2011) ("An individual does not have to be pain-free in order to be found 'not disabled,'" particularly when the work at issue is at a lower exertional level); *Welch v. Heckler*, 808 F.2d 264, 270 (3d Cir. 1986) (findings of moderate pain or discomfort were appropriately accounted for in a reduced RFC finding); *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991) (same); *Andreolli v. Comm'r of Soc. Sec.*, 2008 WL 5210682, at *4 (W.D. Pa. Dec. 11, 2008) ("it is well settled that a claimant need not be pain-free or experiencing no discomfort in order to be found not disabled" (citing *Welch v. Heckler, supra*)). Indeed, that a person cannot work without some pain does not satisfy the test for disability. *Sherrod v. Barnhart*, 2002 WL 32350551, at *9 (E.D. Pa., July 31,

---

* Indeed, Dr. Audet's notes from the May 20, 2008, visit documented Plaintiff's own report that, "after the pain medication kicks in . . . he is able to function almost normally as long as he doesn't do too much physical labor." (R. 415).

2002) (citing *Cancel v. Harris*, 512 F. Supp. 69 (E.D. Pa. 1981)).

**2.**

Plaintiff objects regarding the magistrate judge's determination that the ALJ properly evaluated Plaintiff's obesity. However, the ALJ specifically took Plaintiff's height and weight into account as required by Social Security Ruling ("SSR") 02-1p. (R. 22, 24; 2000 WL 628049 (2002)). The ALJ relied upon the records from Plaintiff's physicians as well as the evaluation from the consultative examiner, who found that Plaintiff could perform a modified range of light work despite his obesity. (R. 424-27). Finally, the ALJ limited Plaintiff to a reduced range of sedentary work, which accounted for any limitations caused by Plaintiff's obesity. (R. 10). As the magistrate judge observed, "the medical records do not demonstrate that [Plaintiff's] obesity caused significant limitations in his work activities other than those identified by the ALJ and accounted for in the RFC."

**3.**

As I have already observed, after the ALJ's decision Plaintiff submitted to the Appeals Council medical records from his primary care physician, Jay Sailer, M.D., dated October 2008 and March 2009, which the Appeals Council made part of the record. Thereafter, Plaintiff submitted additional records to the Appeals Council from his pain management specialist, Robert J. Audet, M.D., dated January 25, 2010 through August 16, 2010, which the Appeals Council did not make a part of the record. Plaintiff objects on the grounds that the additional evidence warrants a remand.

The records from treating physician Dr. Sailer, which the Appeals Council made part of the record in this case, merely document Plaintiff's complaints of leg pain and depression, for which Plaintiff was prescribed medication. (R. 437-38). They contain no diagnostic test results,

clinical findings, or other information that would provide a basis to change the ALJ's decision.

The records that Plaintiff submitted from Dr. Audet were outside of the relevant time period, and thus the Appeals Council properly refused to make these treatment notes a part of the record. *See* 20 C.F.R. § 404.970(b); *Bowers v. Astrue*, 2008 WL 2563218 (W.D. Va. June 24, 2008). Furthermore, as the magistrate judge explained, the additional records from Dr. Audet are not "new" or "material" evidence because they are cumulative of the other records from Dr. Audet that were considered by the ALJ, and they are consistent with Dr. Audet's previous physical examination findings and treatment recommendations. Indeed, these records bolster the ALJ's assessment that Plaintiff could perform a modified range of sedentary work. In the additional records, Dr. Audet specifically opined that Plaintiff needed "sedentary work." (R. 16.). Dr. Audet noted on several occasions that he believed Plaintiff could transition to a new career with the proper education/retraining. (R. 6, 18, 16, 41). In fact, Plaintiff agreed with Dr. Audet, stating that he wanted to return to work, "[b]ut is reluctant to go and work for a $6.00 to $7.00 or $8.00 job an hour doing menial labor." (R. 6). And, although Plaintiff's objections point out that the additional records contain a discogram, dated February 18, 2009, which was not provided to the ALJ, the magistrate judge correctly indicates that the ALJ (whose decision was not rendered until December 16, 2009) considered medical records after the discogram, and specifically accounted for Plaintiff's pain in his RFC assessment for a modified range of sedentary work.

### III.

Having undertaken a *de novo* review of the Report, I find that Plaintiff's objections are without merit. My review of the record indicates that the magistrate judge was correct in finding

that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet his burden of establishing that he was disabled under the Act. Accordingly, I will enter an order overruling Plaintiff's objections, adopting the magistrate judge's Report *in toto*, granting the Commissioner's motion for summary judgment, denying Plaintiff's motion for summary judgment, and dismissing this action and striking it from the active docket of the court.

Entered this \_\_22nd\_\_ day of March, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE